UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

   Plaintiff,

v.

CAPITOL OFFICE CENTER, INC. and
PARAISO TROPICAL RESTAURANTE &
PIZZERIA NO. 2 LLC,

   Defendant.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues CAPITOL OFFICE CENTER, INC. and PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, CAPITOL OFFICE CENTER, INC., owned and operated a commercial property at 7570 & 7590 NW 186th Street and 18400 NW 75th Place,

1

Miami, Florida 33015[1] (hereinafter the "commercial property") and conducted a substantial amount of business in that place of public accommodation in in Miami-Dade County, Florida. Defendant, CAPITOL OFFICE CENTER, INC., holds itself out of the public as "Boulevard Shops at Gallery Streets."

5. At all times material, Defendant, CAPITOL OFFICE CENTER, INC., was and is a Florida Corporation which is registered to conduct business in the State of Florida, with its principal place of business listed in this Complaint in Miami-Dade County, Florida.

6. At all times material, Defendant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, owned and operated a commercial restaurant at 18400 NW 75th Place, Miami, Florida 33015[2] (hereinafter the "restaurant," or "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.

7. At all times material, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

8. At all times material, Defendant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, was and is a Florida Limited Liability Company, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

9. Venue is properly located in the Southern District of Florida because Defendants' commercial property, restaurant, and respective businesses are located in Miami-Dade County,

---

[1] The three adjoining parcels of real property located 7570 & 7590 NW 186th Street and 18400 NW 75th Place, Miami, Florida 33015 are owned and operated by the landlord Defendant, CAPITOL OFFICE CENTER, INC., and make up the commercial retail center known as "Boulevard Shops at Gallery Streets."

[2] This address is within the commercial retail center owned and operated by landlord Defendant, CAPITOL OFFICE CENTER, INC., located at 7570 & 7590 NW 186th Street and 18400 NW 75th Place, Miami, Florida 33015.

Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10. Although well over thirty-two (32) years has passed since the effective date of Title III of the ADA, Defendant has yet to make its/their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant has continued to discriminate against people who is disabled in ways that block them from access and use of Defendant's property and the businesses therein.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. NIGEL FRANK DE LA TORRE PARDO uses a wheelchair to ambulate. NIGEL FRANK DE LA TORRE PARDO has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He has lower paraplegia, which inhibits him from walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

14. Defendant, CAPITOL OFFICE CENTER, INC., owns, operates and/or oversees the

commercial property; to include its general parking lot, parking spots, and entrance access and path of travel specific to the tenant businesses therein and all other common areas open to the public located within the commercial property.

15. Defendant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, owns, operates and oversees the commercial restaurant within the subject commercial property, which is open to the public located within the commercial property.

16. The subject commercial property and restaurant are open to the public and are located in Miami, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial property and businesses located within the commercial property on December 11, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial property and businesses located within the commercial property in order to avail himself of the goods and services offered there, and because it is approximately forty-one (41) miles from his residence (approximately fifty (50) minutes) and is near other business and restaurant he frequents as a patron.  He plans to return to the commercial property within two (2) months from the date of the filing of this Complaint.

17. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial property and commercial restaurant business located within the commercial property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the commercial property and commercial restaurant business located within the commercial property and wishes to continue his patronage and use of the premises.

18. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that is in violation of the ADA at the subject commercial property. The barriers to access at Defendants' commercial property and commercial restaurant business has each denied

or diminished Plaintiff's ability to visit the commercial property and restaurant and has endangered his safety in violation of the ADA. The barriers to access, which is set forth below, has likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

19. The Defendants, CAPITOL OFFICE CENTER, INC. and PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, each own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. The Defendants are jointly and severally responsible for complying with the obligations of the ADA. The places of public accommodation that they respectively own and operate are the commercial property ([plaza) located at 7570 & 7590 NW 186th Street and 18400 NW 75th Place, Miami, Florida 33015, to include commercial restaurant located within the subject commercial property and plaza.

20. Defendant, CAPITOL OFFICE CENTER, INC., owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, CAPITOL OFFICE CENTER, INC., as the owner and landlord of the commercial property, is responsible for complying with the obligations of the ADA. The commercial property has a tenant that is a commercial restaurant that is a place of public accommodation that Defendant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, owns and operates and this Defendant is a tenant located within the commercial property that is the subject of this ADA Action. As the owner of this business and as a tenant, Defendant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, is also responsible for ADA compliance for this place of public accommodation within its place of business.

21. Defendant, CAPITOL OFFICE CENTER, INC., as landlord and owner of the

commercial property, is responsible for all ADA violations in the common areas and is also jointly and severally liable for all ADA violations listed in Count II of this Complaint with its Tenant, PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, for the areas within this tenant's business.

22.  Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and restaurant, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial property and commercial restaurant business located therein, not only to avail himself of the goods and services available at the commercial property, but to assure himself that the commercial property is in compliance with the ADA, so that he and others similarly situated will has full and equal enjoyment of the commercial property without fear of discrimination.

23.  Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 *et seq.*

**COUNT I – ADA VIOLATIONS AS TO CAPITOL OFFICE CENTER, INC. FOR COMMON AREAS**

24.  The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.  Defendant, CAPITOL OFFICE CENTER, INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and

gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial property, include but are not limited to, the following:

    A. <u>Parking</u>

i.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of

Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

    v.    There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    viii.    The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

### COUNT II – ADA VIOLATIONS AS TO CAPITOL OFFICE CENTER, INC. AND PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, CAPITOL OFFICE CENTER, INC. and PARAISO TROPICAL RESTAURANTE & PIZZERIA NO. 2 LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial property, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

i. There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Public Restrooms</u>

i. The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom area door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.  The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.  The Plaintiff had difficulty using the paper towels due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

    v.  The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.  The Plaintiff could not transfer to the toilet without assistance in the accessible toilet grab bars do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

   viii. The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   ix. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## **RELIEF SOUGHT AND THE BASIS**

  28. The discriminatory violations described in this Complaint is not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial place of public accommodation and restaurant; Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. A Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein is readily achievable.

  29. The Plaintiff, and all other individuals similarly situated, have been denied access to, and has been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and commercial

restaurant within the property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

30.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a

clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent has been met by the Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, to include the restaurant located within the commercial property located at 7570 & 7590 NW 186th Street and 18400 NW 75th Place, Miami, Florida 33015 , the interiors, exterior areas, and the common exterior areas of the commercial property and businesses located within it and to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully

requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications is necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 19, 2025

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: ___/s/_Anthony J. Perez_____
         ANTHONY J. PEREZ
         Florida Bar No.: 535451